Martel Nelson
sillertina@yahoo.com
1800 E Old Ranch Rd Apt 126
Colton, CA 92324
702-918-7866
Plaintiff in Pro Se

IFP Submitted

FILED
CLERK, U.S. DISTRICT COURT
02/03/2025
CENTRAL DISTRICT OF CALIFORNIA
BY  DVE  DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Martel Nelson,

    Plaintiff(s),

vs.

Spring Oaks Capital LLC,

    Defendant(s).

Case No.: 5:25-cv-00306-JGB-(SHKx)

**COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681b) AND DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiff brings this action against Defendant for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by unlawfully accessing Plaintiff's consumer report without a permissible purpose.

2. Congress enacted the FCRA to protect consumer privacy by strictly limiting access to consumer reports. Defendant violated these protections by obtaining Plaintiff's consumer report without authorization or any legitimate business need as defined under 15 USC § 1681b.

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

(page number)

(title of pleading)

## PARTIES

3. Plaintiff Martel Nelson is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff resides in Colton, California.

4. Defendant Spring Oaks Capital LLC is a corporation conducting business in California and is a "user" of consumer reports as defined by the FCRA. Defendant's principal place of business is located at Agent Name: Corporation Services Company, Agent Address at 1201 Hays St Tallahassee FL 32301.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because this action arises under the FCRA, a federal statute.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts business in this District, and the events giving rise to this claim occurred in this District.

## FACTUAL ALLEGATIONS

7. On or about May 23, 2024, Defendant accessed Plaintiff's consumer report from one TransUnion.

8. Defendant lacked a permissible purpose for accessing Plaintiff's consumer report under 15 U.S.C. § 1681b. Specifically:

   a. No credit transaction existed between Plaintiff and Defendant.

   b. Plaintiff did not authorize Defendant to access their consumer report.

   c. Defendant was not collecting on any valid debt owed by Plaintiff, as no collection account is or was being reported by Defendant.

9. Defendant's access to Plaintiff's consumer report was unauthorized, lacked a legitimate business need, and violated Plaintiff's right to privacy as protected by the FCRA.

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

(page number)

(title of pleading)

10. Defendant's actions were willful or, in the alternative, negligent, as Defendant knew or should have known of its obligations under the FCRA.

## CAUSE OF ACTION

### Count I – Violation of 15 U.S.C. § 1681b

12. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.
13. Under 15 U.S.C. § 1681b, a user of consumer reports is prohibited from obtaining or using a consumer report except for certain permissible purposes, such as in connection with a credit transaction, employment purposes, or legitimate business needs.
14. Defendant accessed Plaintiff's consumer report without a permissible purpose under § 1681b.
15. Defendant's unauthorized access to Plaintiff's consumer report caused Plaintiff harm, including but not limited to:
    a. Invasion of privacy;
    b. Emotional distress; and
    c. Risk of further misuse of Plaintiff's sensitive consumer information.
16. Defendant's conduct was willful under 15 U.S.C. § 1681n, or, in the alternative, negligent under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in their favor and grant the following relief:
1. Statutory damages as provided under 15 U.S.C. § 1681n(a)(1)(A);
2. Actual damages for harm suffered, including emotional distress, as allowed by 15 U.S.C. § 1681o(a)(1);
3. Punitive damages under 15 U.S.C. § 1681n(a)(2);

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

(page number)

(title of pleading)

4. Costs and reasonable attorney's fees under 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2);

5. Any other relief this Court deems just and proper.

Respectfully submitted,

Dated: 1/20/2025

Martel Nelson

*[signature]*

Plaintiff Pro Se

*Form prepared by Public Counsel.*
*© 2012, 2014, 2023 Public Counsel.*
*All rights reserved.*
*Revised: October 2023*

(page number)

(title of pleading)